

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 20. 1969

Honorable J. W. Edgar
Commissioner of Education
State Department of
   Education
Austin, Texas   78711

Dear Dr. Edgar:

Opinion No. M-496

Re: Section 3A of Article
6252-17, V.C.S., requiring
the posting of notice of
open meetings insofar as
relative to school boards.

In your request for an opinion you state the following:

"Senate Bill 260, Chapter 227, Acts 61st
Legislature, Regular Session, 1969, among the
changes, amended Article 6252-17 by adding
a Section 3A which requires a timely posting
of notice of open meeting(s) of a governmental
body.

"Section 3A, insofar as relative to school
districts, reads as follows:

(a) Written notice of the date, place and
subject of each meeting held by a governmental
body shall be given before the meeting as
prescribed by this section.

   . . .

(e) The governing body of a school district,
...shall have a notice posted at a place con-
venient to the public in its administrative office
and shall also furnish this to the county clerk or
clerks of the county or counties in which the
district...is located. <u>The county clerk shall
then post the notice on a bulletin board
located at a place convenient to the public in
the county courthouse.</u>

(f) Notice of a meeting must be posted for
at least the three days preceding the day of the

-2373-

meeting. However, in case of emergency or urgent public necessity, which shall be expressed in the notice, it is sufficient that the notice is posted before the meeting is convened or called to order.

"This Agency has orally been advised by several school districts throughout the State that copies of notice of meeting forwarded pursuant to Section 3A(f) to the county clerk(s) for posting are being returned to the district with information that it would be necessary for the notice to be accompanied by a $3.00, sometimes $2.00 posting fee. Such practice is giving concern to some districts who find no requirement in the law itself for payment of a posting fee and the posting timely required has thus not been met. Some school districts extend into three or more counties and the cost of posting timely a notice of meeting monthly or oftener can become quite a financial burden.

"We have found no item in Article 3930, as amended in 1957, or in any other statute, which lists or fixes a specific fee for posting—notice of meeting. However, there is broad language in the last sentence in Article 3930 which reads: For such other duties as may be prescribed by the Legislature, reasonable fees shall be charged.

"Does Section 3A(e) of Article 6252-17, as amended by Senate Bill 260, Acts 61st Legislature, Regular Session, 1969, which requires a school district to furnish the required notice of school board meeting(s) to the county clerk(s) and directs that the county clerk 'shall then post the notice' subject the school district to any reasonable fee the county clerk may impose as a prerequisite to posting of same?

"This Agency as well as many inquiring school districts request and would appreciate an opinion from the office of Attorney General on this matter."

Section 3A of Article 6252-17, Vernon's Civil Statute does not provide for a fee for posting the required notice. However, Article 3930 not only authorizes but requires county

clerks and county recorders "...to collect the following fees for services rendered by them to all persons, firms, corporations, legal entities, governmental agencies and/or governmental representatives..." (Emphasis added.) Thereinafter listed under Paragraph (9) of Article 3930 is the following provision for those charges not specified in any other statute:

> "For such other duties prescribed, authorized, and/or permitted by the Legislature for which no fee is set out by this Act, reasonable fees shall be charged."

It is our opinion that Article 3930 must be considered in para materia with Article 6252-17 and therefore authorizes county clerks to charge school districts a reasonable fee for posting the notices required by Article 6252-17.

By supplemental request you have asked if the $1.00 fee for posting notices provided for in Articles 3933 and 3933a, Vernon's Civil Statutes, are applicable to the notices required by said Article 6252-17 and if the county clerk is authorized to prescribe the context and form of the notice to be posted. Articles 3933 and 3933a apply only to Notices to be posted by sheriffs and constables. Such statutes are not applicable to fees for notices posted under the provisions of said Article 6252-17, and this statute does not empower the county clerk to prescribe the context and form of such notices.

### S U M M A R Y

Article 3930, Vernon's Civil Statutes, authorizes county clerks to charge school districts a reasonable fee for posting the notices required by Article 6252-17, Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

Hon. J. W. Edgar, Page 4 (M-496)

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Harold Kennedy
Bill Allen
Gordon Cass
Jim Swearingen

MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant